# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

Case No. 12-34989

CHRISTOPHER TODD STEWART
DONNA MICHELLE STEWART

        Debtors

MICHAEL H. FITZPATRICK, TRUSTEE

        Plaintiff

        v.        Adv. Proc. No. 13-3071

ALLSUP, INC.

        Defendant

## MEMORANDUM ON
## DEFENDANT'S MOTION TO DISMISS

**APPEARANCES:**    QUIST, CONE & FISHER, PLLC
        Ryan E. Jarrard, Esq.
        2121 First Tennessee Plaza
        800 South Gay Street
        Knoxville, Tennessee 37929
        Attorneys for Plaintiff

        HUSCH BLACKWELL LLP
        Jeffrey S. Norwood, Esq.
        Theresa L. Critchfield, Esq.
        736 Georgia Avenue
        Suite 300
        Chattanooga, Tennessee 37402
        Attorneys for Defendant

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint filed by the Plaintiff on July 26, 2013, as amended by the filing of an Amended Complaint on November 15, 2013 (collectively, Complaint), seeking to avoid and recover a preferential transfer pursuant to 11 U.S.C. § 547(b) (2006) and 11 U.S.C. § 550(a)(1) (2006), respectively. On December 2, 2013, the Defendant filed Allsup's Motion to Dismiss (Motion to Dismiss) together with an accompanying brief, arguing that the Plaintiff did not state a claim upon which relief could be granted because he could not prove three elements of a preferential transfer: that the Defendant was a creditor of the Debtors, that the Defendant was owed an antecedent debt, and that the Defendant received more than it would have been entitled to receive in the Chapter 7 case had the transfer not been made. The Plaintiff filed Michael H. Fitzpatrick, Trustee's Reply to Allsup, Inc.'s Motion to Dismiss (Plaintiff's Response) on December 17, 2013, arguing that the Complaint pleads sufficient facts to support his avoidance action under § 547(b) and in support thereof, attached two documents: (1) a Preauthorized Withdrawal Form and Agreement between the Debtor, Christopher T. Stewart, and the Defendant dated February 15, 2011, which is marked as Enclosure B; and (2) a Social Security Administration Appointment of Representative form dated July 31, 2012, which is marked as Enclosure C, wherein the Debtor, Christopher T. Stewart, appointed the Defendant as his representative with respect to his claims and/or asserted rights.[1] On December 30, 2013, the Defendant filed Allsup's Reply to Trustee's Objection to its Motion to Dismiss (Defendant's Reply).

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (applicable to adversary proceedings through FED. R.

---

[1] In order to avoid any confusion, the court will refer to these documents as Enclosure B and Enclosure C. The Plaintiff's Response did not include an Enclosure A.

2

BANKR. P. 7012). When deciding a motion to dismiss under Rule 12(b)(6), the court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a) (applicable to adversary proceedings under FED. R. BANKR. P. 7008). It need not contain "detailed factual allegations[; however,] a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (internal citations and brackets omitted).

"While a complaint will survive a motion to dismiss if it contains 'either direct or inferential allegations respecting all material elements' necessary for recovery under a viable legal theory, this court 'need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010) (citation and quotation marks omitted)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1955) (brackets omitted); *see also Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) ("Factual allegations must be enough to raise a right to relief above the speculative level.") (citation omitted); *Robinson v. BAC Home Loans Servicing, L.P.*, 2012 WL 1520125, at *2, 2012 U.S. Dist. LEXIS 60515, at *4 (D. Ariz. May 1, 2012) ("A complaint that offers nothing more than naked assertions will not suffice."). The court may also consider public records, exhibits attached to the complaint, and documents attached to the motion if they are referred to in the complaint and are central to the Plaintiff's claim. *Sykes v. United States*, 507 Fed. Appx. 455, 457 (6th Cir. 2012) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) and *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)). Additionally, "[a] motion to dismiss may be granted on the basis of an affirmative defense if the facts conclusively establish the defense as a matter of law." *Grant, Konvalinka & Harrison, PC v. Banks (In re McKenzie)*, 716 F.3d 404, 412 (6th Cir. 2013) (citation omitted).

The Complaint alleges that the Debtor authorized, and the Defendant made, a withdrawal in the amount of $34,598.87 from the Debtor's bank account on October 16, 2012, and that the transfer was preferential and avoidable under 11 U.S.C. § 547(b), which provides:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
> (1) to or for the benefit of a creditor;

    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3) made while the debtor was insolvent;

    (4) made —

        (A) on or within 90 days before the date of the filing of the petition; or

        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    (5) that enables such creditor to receive more than such creditor would receive if —

        (A) the case were a case under chapter 7 of this title;

        (B) the transfer had not been made; and

        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). Specifically, the Plaintiff avers that the Debtor received Social Security Disability benefits through the Defendant, a corporation which assists individuals in obtaining benefits, that it required repayment of the $34,598.87, that the funds withdrawn from the Debtor's bank account were on account of a pre-existing debt, that the October 16, 2012 transfer occurred within 90 days of the Debtor's bankruptcy filing on December 12, 2012, that the Debtor was insolvent at the time of the transfer, and that the transfer allowed the Defendant to receive more than it would have under a Chapter 7 bankruptcy case in which the transfer had not occurred and the Defendant received payment accordingly.

Through its Motion to Dismiss, the Defendant argues that the Plaintiff has failed to state a claim upon which relief may be granted because the facts reflect that, as a conduit for the funds from the Debtor to Prudential Financial, the Defendant was not a creditor of the Debtor, it was not owed an antecedent debt, and thus, it did not receive more than it would have been entitled to receive under a Chapter 7 case had the transfer not occurred because it did not receive anything. In support of the Motion to Dismiss, the Defendant refers to as attached the Preauthorized Withdrawal Form and Agreement as Exhibit A to its supporting Memorandum of Law; however, the document was, in fact, not attached to the Defendant's brief, although it, as well as a Social Security Administration Appointment of Representative form, were attached to the Plaintiff's Response. Because these documents were supplied by the Plaintiff, are not disputed by either party, and are central to resolution of this matter, the court will deem them within the pleadings, thus avoiding the necessity of converting the Motion to Dismiss to one for summary judgment as required by Rule 12(d) of the Federal Rules of Civil Procedure.

The facts, as gleaned from the Complaint, the Motion to Dismiss, the Plaintiff's Response, and the Defendant's Reply are as follows. The Debtors filed the Voluntary Petition commencing their Chapter 7 bankruptcy case on December 12, 2012. The Plaintiff was appointed as Chapter 7 Trustee over their bankruptcy estate. Prior to the filing of the Debtors' bankruptcy case, the Defendant, an organization that assists individuals obtain Social Security Disability awards, aided the Debtor, Christopher Stewart, in obtaining benefits. In association therewith, the Debtor executed a Social Security Administration Appointment of Representative form on July 31, 2012, appointing Steven Trefts of Allsup, Inc. as his representative in connection with his claim or rights under his

disability (RSDI) and/or SSI, thus allowing Mr. Trefts to "make any request or give any notice; give or draw out evidence or information; get information; and receive any notice in connection with [the Debtor's] pending claim(s) or asserted right(s)." PL.'S RESP. ENCL. C. In addition to executing this Appointment of Representative form, Mr. Trefts also certified that he is "a non-attorney not eligible for direct payment" and checked, in Part III entitled Fee Arrangement, the option stating the following:

> Waiving fees and expenses from the claimant and any auxiliary beneficiaries – By checking this block I certify that my fee will be paid by a third-party, and that the claimant and any auxiliary beneficiaries are free of all liability, directly or indirectly, in whole or in part, to pay any fee or expenses to me or anyone as a result of their claim(s) or asserted right(s). (SSA does not need to authorize the fee if a third-party entity or a government agency will pay from its funds the fee and any expenses for this appointment. Do not check this block if a third-party individual will pay the fee.)

PL.'S RESP. ENCL. C.

Additionally, on February 15, 2011, the Debtor executed the Preauthorized Withdrawal Form and Agreement which states, in material part, the following:

> I acknowledged that if I obtain a Social Security disability benefit award, an amount equal to all or a portion of any retroactive Social Security benefit must be repaid to Prudential Financial or its successors, transferees or assigns ("Prudential Financial") in accordance with the terms of my disability benefit plan. I authorize Allsup, Inc. ("Allsup"), to withdraw an amount not exceeding the amount of this obligation (the "Obligation") from the account identified below (the "Account") on or after the date my Social Security disability benefit award is deposited in the Account. The amount withdrawn will be forwarded to Prudential Financial to be applied against the Obligation.
>
> I understand the amount withdrawn will not exceed the amount of the retroactive benefit and that this benefit is usually calculated by multiplying the amount of my monthly Social Security disability benefit by the number of months that Social Security determines I am due retroactive benefits. I realize the exact amount will not be known until the award, if any, is made by Social Security.

> I direct that no more than one withdrawal shall occur under this Preauthorized Withdrawal Form and Agreement unless authorized by me, orally or in writing.
>
> In order to facilitate these transaction(s), I authorize a representative of Allsup to, from time-to-time, request from the financial institution identified below (the "Financial Institution"), orally or in writing, information to confirm that there are sufficient funds in my Account, and I direct my Financial Institution to provide to this representative all such information.
>
> I understand that I have a right to cancel the withdrawal authority stated above upon written or oral notice to Allsup or the Financial Institution identified below, at least three business days before any withdrawal from the Account.
>
> If I cancel this authorization, or if the amount withdrawn is not sufficient to satisfy the Obligation, I understand I am obligated to pay the remaining amount of the Obligation. Similarly, if the Obligation is less than the amount withdrawn, the balance will be refunded to me.
>
> I agree that a copy of this Preauthorized Withdrawal Form and Agreement shall have the same effect and validity as this original and that the terms and conditions of this Preauthorized Withdrawal Form and Agreement shall be binding upon my legal representatives and assigns.

PL.'S RESP. ENCL. B. In the fall of 2012, the lump sum benefits were deposited into the Debtor's bank account, and on October 16, 2012, the Defendant withdrew by automatic draft the sum of $34,598.87 from the Debtor's bank account for payment to Prudential Financial.

The Bankruptcy Code defines "creditor" as "[an] entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor[,]" 11 U.S.C. § 101(10)(A) (2006), and defines "claim" as:

> (A) [a] right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) [a] right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced

    to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured,
    or unsecured.

11 U.S.C. § 101(5) (2006).  As clearly defined by the Preauthorized Withdrawal Form and Agreement, Prudential Financial, and not the Defendant, held a right to payment of any retroactive benefit awarded the Debtor, which was to be repaid to Prudential Financial in accordance with the terms of the Debtor's disability benefit plan.  Similarly, the Appointment of Representative form expressly provided that any fee owed to the Defendant was to be paid by a third party, i.e., Prudential Financial.  The Defendant was merely the conduit between the Debtor and Prudential Financial and was never owed anything by the Debtor.

   The arguments advanced by the Defendant in its Memorandum of Law in Support of the Motion to Dismiss concerning Prudential Financial's role as a plan administrator and a fully secured creditor would apply only to an adversary proceeding by the Plaintiff against Prudential Financial and have no real application with respect to this adversary proceeding.  The Defendant's role, as defined by the Appointment of Representative form and the Preauthorized Withdrawal Form and Agreement, was to act on the Debtor's behalf in negotiating with the Social Security Administration, to procure a benefit award for the Debtor, and to subsequently transfer any reimbursement of funds previously paid by Prudential Financial from the Debtor's account back to Prudential Financial, with any fees due the Defendant to be paid by Prudential Financial.  None of those actions transform the Defendant into an entity that had a claim against the Debtor; instead, the party holding a claim against the Debtor was Prudential Financial.

    Based upon the record and taking the Complaint in a light most favorable to the Plaintiff and accepting the allegations as true, the court finds that the Defendant is not a creditor of the Debtor and, therefore, did not receive more than it would have in a Chapter 7 case had the transfer not occurred. Accordingly, although the court agrees with the Plaintiff that he has pled enough facts that the court could draw a reasonable inference that a preferential transfer took place, because he has not sought to recover from the creditor to whose benefit the transfer was made, the Plaintiff has failed to state a claim upon which relief may be granted against the Defendant, and the Motion to Dismiss filed by the Defendant shall be granted. An Order consistent with this Memorandum will be entered.

FILED: January 24, 2014

                                        BY THE COURT

                                        */s/  RICHARD STAIR, JR.*

                                        RICHARD STAIR, JR.
                                        UNITED STATES BANKRUPTCY JUDGE